

FILED

OCT 2 9 2018

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| BOBBY FRANCIS LOWRY, | Cause No. CV 18-63-BU-BMM-JCL |
|---|---|
| Petitioner, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| JAMES SALMONSEN, | |
| Respondents. | |

On September 26, 2018, Petitioner Bobby Francis Lowry, filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Lowry is a state prisoner proceeding pro se.

## I.   Motion to Proceed In Forma Pauperis

Lowry has failed to pay the $5.00 filing fee as directed by this Court. See, (Doc. 3.) But because there is no reason to delay this action, Lowry's motion to proceed in forma pauperis (Doc. 2) will be GRANTED.

## II.   28 U.S.C. § 2254 Petition

Lowry challenges a criminal conviction for the Promotion of Prostitution handed down in Montana's Eighteenth Judicial District Court, Gallatin County, on August 23, 2017. (Doc. 1 at 1.) Following the entry of an *Alford* plea, Lowry was

sentenced to a 5-years in the Montana State Prison. *Id.* Although it is unclear exactly what federal constitutional claims he is attempting to advance before this Court, Lowry seems to generally allege that he has been denied access to the state courts and has, accordingly, been unable to challenge his purportedly unlawful conviction. *Id.* at 2-3. Lowry asks this Court to order the Montana Supreme Court to accept his notice of appeal and "thus begin the process of correcting the malicious behavior bestowed upon [him], by his forced incarceration until said time that [he] agreed to take a [plea] to a crime he was not guilty of." *Id.* at 3.

### i.   Analysis

Lowry's petition should be dismissed because any claims he seeks to advance relative to his current custody have not yet been exhausted in the state court system. Lowry currently has a direct appeal pending before the Montana Supreme Court. See, *State v. B. Lowry*, DA 17-0413, Or. (filed Oct. 17, 2018)(granting Appellee's extension of time to Dec. 17, 2018, to file response brief).[1] Dismissal should be without prejudice.

Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C.

---

[1] All state court briefing and orders available at: https://supremecourtdocket.mt.gov/ (accessed October 26, 2018).

§2254(b)(1)(A). The exhaustion requirement is grounded in the principles of comity and gives states the first opportunity to correct alleged violations of a prisoner's federal rights. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id.* *See also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (discussing *Picard v. Connor*, 404 U.S. 270 (1971) and *Anderson v. Harless*, 459 U.S. 4 (1982)). A petitioner must meet all three prongs of the test in one proceeding.

As set forth above, a review of the Montana Supreme Court Docket reveals that Lowry has, in fact, been able to access the state courts. He has a direct appeal pending and is represented by counsel. While the Court makes no finding as to the merit of the claims Lowry seeks to present, assuming Lowry could state cognizable constitutional claims at this juncture, it does not relieve him of the burden of first presenting such claims to the state courts. There are still remedies available to Lowry under state law, including direct and collateral review. Because Lowry has not yet exhausted his available state court remedies, this Court cannot review the

3

claim. See, *Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal is without prejudice and Lowry may return to this Court if and when he fully exhausts the claims relative to his current custody in the state courts.

### ii.    Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Lowry has not made a substantial showing that he was deprived of a constitutional right. Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings in this Court. A

certificate of appealability should be denied.

Based on the foregoing, the Court makes the following:

## ORDER

1. Mr. Lowry's Motion for Leave to Proceed in Forma Pauperis (Doc. 2) is **GRANTED**.

## RECOMMENDATION

1. The Petition (Doc. 1) should be **DISMISSED** as unexhausted.

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3. A certificate of appealability should be **DENIED**.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Lowry may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Lowry must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u>  Failure to do so may result in

---

[2] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Lowry is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

dismissal of his case without notice to him.

DATED this 29th day of October, 2017.

/s/ Jeremiah C. Lynch

Jeremiah C. Lynch
United States Magistrate Judge